IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY HATRIX, | ) | CASE NO. |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN FELTON and | ) | |
| FILTHY HANDS COMPANY | ) | COMPLAINT |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

By: Ronald Stanley, Esq.
3637 Medina Rd. Unit 5
Medina OH 44256
Bar # 040766
330-952-1415
Fax- 330-952-1416
legal50@aol.com
 *Counsel for Jeffrey Hatrix*
*Plaintiff*

## <u>NATURE OF THE ACTION</u>

1. This is a civil action for breach of contract, unjust enrichment, false designation of origin under the Lanham Act, copyright infringement, unfair trade practices and fraud, and an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure. Among other relief, plaintiff seeks a declaration of joint authorship and an accounting of all relevant sales on behalf of Plaintiff, the author, creator, composer, producer, arranger, performer and copyright owner of original musical compositions listed in Exhibit "A' and incorporated herein by reference.

2. Defendants, jointly and/or severally, willfully and intentionally: (i) manufactured, distributed, used, commercialized, sold and otherwise exploited many of the Musical Works, containing the original underlying musical compositions, including, but not limited to those compositions contained in the "Original Compositions" of the Plaintiff ,without acknowledging joint ownership; (ii) falsely identified themselves and fictious other personas, as the authors, creators, composers, producers, arrangers, performers and copyright owners of the Original Compositions; (iii) induced and/or caused various third parties, including, but not limited to, various radio stations and theatrical outlets to broadcast, publicly perform and otherwise exploit the Joint Musical Works throughout the United States and overseas and has failed to disclose and pay to plaintiff his rightful share, (iv) unlawfully profited from the authorized and unauthorized manufacturing, distribution, use, commercialization, sale, broadcasting, public performance and other exploitation of the Musical Works, containing the Original Compositions; and (v) deprived the Plaintiff of substantial income, proceeds, fees, royalties and other remuneration directly and/or indirectly related to the distribution, use, commercialization, sale, broadcasting, public performance, licensing and other exploitation of the Musical Works, containing the Original Compositions.

3. By this action, Plaintiff seeks a declaration from this Court that he is an author, creator, composer, producer, arranger, performer and co-owner of copyright in the Original Compositions; and that Defendants: (i) knowingly, willfully and intentionally failed to acknowledge join authorship of said works, and/or misrepresented ownership percentages of certain works/compositions, infringed Plaintiffs' copyrights and exclusive rights in and

relating to the Original Compositions in violation of the Copyright Act, 17 U.S.C. §§ 106, 115 and 501; (ii) induced, caused and/or materially contributed to the infringement of Plaintiff's copyrights and exclusive rights in and relating to the Original Compositions by others in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq. (iii) fraudulently induced Plaintiff to create, author, produce, arrange, and perform the Original Compositions; (iv) were unjustly enriched by the services performed by the Plaintiff in creating, authoring, producing, arranging and performing the Original Compositions; (v) deprived Plaintiff of substantial income, proceeds, fees, royalties and other remuneration, directly and/or indirectly related to Defendants' distribution, use, commercialization, sale, broadcasting, public performance, licensing and other exploitation of the Musical Works, containing the Original Compositions. (vi). Failed to properly administer and collect plaintiff's royalties.

4. By this action, Plaintiff demands an accounting of and payment for all income due from profits and/or royalties generated by the distribution, sale, use, commercialization, public performance and other exploitation of the Original Compositions, via the exploitation of the Musical Works authored, sold, or distributed by the Defendants.

5. The plaintiff also seeks compensation for misappropriation of funds from merchandising, touring, and other sources of income owed to the plaintiff as a shareholder of Filthy Hands Company, and a band member of Mushroomhead, along with being a composer of the majority of the works created by Mushroomhead.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. §1331, 1338, and 17 U.S.C. §§ 101 et seq. This Court has supplemental jurisdiction over all pendent claims asserted in this counterclaim pursuant to 28 U.S.C. § 1367(a).

7. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 (b) as a substantial portion of the events or omissions giving rise to the Plaintiffs' causes of action occurred in this district and/or the Defendants transact business in this judicial district.

## PARTIES

8.    Plaintiff, Jeffrey Hatrix, aka/ Jeffrey Nothing, is a known and talented producer, composer, arranger, author and performer of musical compositions and is the co-founder of the band known as Mushroomhead.

9.    Defendant, Filthy Hands Company, is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business in North Royalton, Cuyahoga County.  Upon information and belief, Filthy Hands Company, "Filthy Hands" either claims a copyright interest in the Musical Works or has exercised rights of a copyright owner of the Musical works.  Upon information and belief, Filthy Hands has materially breached its contractual and other obligations to the Plaintiff.

10.    Defendant, Steven Felton aka/Skinny", is co-founder of the band Mushroomhead. Upon information and belief Mr. Felton took responsibility responsible for the business side of distribution and promotion of the albums, touring, and merchandise sales.

11.    Upon information and belief, Mr. Felton has deliberately omitted plaintiff's copyright interest in many of the Musical Works, and/or has created and exercised false ownership rights in many of the Musical works referenced in this complaint.  This includes attributing songwriting credit for fictitious persons and/or entities, and personally profiting from same.  Mr. Felton resides in North Royalton, Cuyahoga County, Ohio.

12.    Upon information and belief, Mr. Felton has also diverted profits from the sales of musical compositions, touring income, merchandise sales, and other income that will be shown at trial.

## FACTUAL ALLEGATIONS

13.    Mushroomhead was created in 1992, with the first show held on 10/23/1993. The band was started by Jeff Hatrix and Steve Felton.

14.    First official release, Mushroomhead , "Self-Titled" was in 1995.  The original band cut out the covers for the first 1,000 copies by hand and basically sold out of them at the next show.

15.     Mushroomhead then released their blockbuster Album, "Superbuick" in 1996.

16.     The band couldn't keep stores stocked with their cd's or self-printed T- shirts and other merchandise. The band was out-selling all or nearly all major label artists at every store, as well as selling out every show. At that time 3-5 nights a week regularly.

17.     Soon Universal Records came calling.

18.     Full Mushroomhead show paychecks would go into the MRH account only to be transferred into accounts controlled by RMG (Rich Moore Graphics) account days later in the identical amount.

19.     This began in 1993. Soon other monies disappeared including but not limited to merchandise income.

20.     Steve Felton (Skinny), from the inception of Mushroomhead, was and is, the "ringleader" in this diversion of funds.

21.     Plaintiff performed at every show but 1 his career.

22.     1999 also brought Mushroomhead's 3rd release, "M3".

23.     In 2001 "XX", a compilation of the most successful compositions, remixed from the first 3 records, was released with Universal Records.

24.     In 2003, the band released XIII. Touring became national and soon after that, international. The monies coming in also increased.  Throughout this period plaintiff was not provided with any accounting of the royalties and merchandise sales, along with profits from shows.

25.     During this time, Steve Felton diverted income from sales of albums, merchandise, and touring fees. Felton often used other band members to filter money out, as well as other support staff.

26.     2005 brought the release of the first DVD- "Volume 1" and more money.

27.     2006 brought the new CD: "Savior Sorrow".  On this record, J Mann aka Jason Popson, co vocalist and writer was replaced by Waylon (Reavis).

28.     Dan Fox was added at this time to play water drums and half the shows on drums.

29.     As time went on, Skinny was playing less and pocketing more.

30. 2007 started with Mushroomhead receiving Video of the Year honors on MTV Headbangers Ball for the song "12 Hundred" and the release of DVD- "Volume 2".

31. 2010 brought the release of Mushroomhead's 6th studio Album, " Beautiful Stories For Ugly Children".

32. The band also subsequently released a Remix CD and also later "Remix 2000", as well as compilation releases, "Industry", "Kingsbury Run" and "the Mushroomhead Inc. Sampler".

33. In 2020, JJ Righteous passed away.

34. Somewhere between 2012/2013 Jack Kilcoyne was fired.

35. Around this same time Jason "Jase" Kloth was brought on as the band's merchandise person.

36. 2014 brought the 7th Studio release: "The Righteous & the Butterfly", along with larger festival touring including Soundwave, Mayhem Festival and the return of international touring.

37. Felton's actions throughout this time, became more nefarious, including the doctoring of publishing splits giving Skinny (Felton) double pay under 2 names "Tenafly Viper" and just plain "Steve Felton", along with 30% going to him under "unknown publicist" and "unknown writer". In fact, most of the publishing splits seem to have disappeared as plaintiff has not received any mechanical royalties to speak of for several years at least.

38. In 2014, Waylon departed the band, replaced by J Mann, who returned for the latest release as well as Skinny's girlfriend becoming our new member. Apparently Skinny wanted to replace the plaintiff with his girlfriend.

39. Although the money coming increased, plaintiff was apparently receiving pennies on the dollar. Plaintiff was paid an "allowance" $1,200 per week per, per tour. In fact, plaintiff was paid almost nothing beyond this and is due his publishing and other, royalties, income from touring, sales and royalties from film media, along with loss from other sources of income to be determined.

40. Upon information and belief, for the time period 2000-2018, there is over $1,620,000.00 unaccounted for. Also, on May 12, 2017, Felton filed a trademark application

in his own name, individually, for Mushroomhead.  On January 9, 2018, the Mushroomhead trademark was registered.  Felton's actions are fraudulent as he represented that no other person had the right to use the name at the time of filing. It is common knowledge that Felton and Hatrix came up with the name together.

41. Most of the performing arts copyright registrations were registered as Stephen Felton being the copyright claimant. And, although on many songs, the plaintiff was given proper credit for his participation in creating said works, there seems to be no record of mechanical royalty payments stemming from these performing arts registrations.

42. Upon information and belief, Wixen publishing was originally involved with mechanical royalties. However, the record is scant as to who was, and is collecting publishing and other royalties/payments for the Mushroomhead "catalog". Plaintiff's contributions to Mushroomhead's catalog amount to over 148 compositions. (see List of Compositions attached as Exhibit "A" and incorporated herein by reference.)

43. In 2015, Steve Felton asked plaintiff to form a new company SK1 and SK Visuals LLC, in order to allegedly consolidate all of the income and pay outs to the band members and songwriters.  It is plaintiff, understanding that he is owed money from income, collected by these two companies, however, as plaintiff has not been provided in accounting, plaintiff is unaware as to what is owed and from which sources.  And, in 2017, Felton apparently switched plaintiff status as band owner, member to an independent contractor or employee status, causing him additional taxes and loss of income owed to him by Filthy Hands, Felton, and Mushroomhead.

44. Another deal was apparently struck with Megaforce Records in which plaintiff is also expecting renumeration, however, despite request for accounting of all income owed to plaintiff, since the inception of Mushroomhead, no such accounting has been provided.  In fact, upon information and belief, it was Felton's goal to divert as much income from the rest of the mushroom headband memories for his personal use.  Felton even went as far to say that his reasoning for using masks in the band was so that he could replace people as he wished, thus further enabling his nefarious plans.

## STATEMENT OF CLAIMS

### Count I
## DECLARATORY JUDGEMENT INVOLVING COPYRIGHT

45. Plaintiffs repeat the allegations contained in paragraphs 1 through 44 and, by this reference, incorporate them herein.

46. Plaintiff seeks a declaratory judgment to the effect that are the co-authors and co-owner to the compositions and the sound recordings listed above.

47. Plaintiff seeks a declaratory judgment to the effect that plaintiffs' individual contributions to the musical composition and sound recordings, which were intentionally created in conjunction with Defendants, are wholly original creations, which made these works into joint works and are copyrightable subject matter under the laws of the United States.

### Count II
## DISGORGEMENT OF FUNDS

48.. All preceding allegations are incorporated and re-alleged herein.

49. Defendants have collected monies from, among others, the sale, licensing, performance, reproduction and distribution of the musical compositions and sound recording works as included in the phonorecords and/or compact discs and any other compilations they have produced, manufactured, distributed and/or sold and the use of such works in digital /e-mobile/synchronizations formats, use in ad campaigns and any other use that contain Plaintiffs works.

50. Plaintiff demands that defendants be ordered to disgorge and account to Plaintiff, all monies received in relation to the musical compositions and sound recording works as included in the phonorecords and/or compact discs and any other compilations they have produced, manufactured, distributed and/or sold that contain Plaintiffs works.

WHEREFORE, As a result of the Defendants' actions, the Defendants are liable to Plaintiff for the total amount of income, monies, royalties and other remuneration Plaintiff is

reasonably entitled to receive, as a result of Plaintiffs' creating, composing, arranging, authoring, producing and/or performing the Original Compositions embodied in the Musical Works, in an amount to be established at trial, but are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS)

## Count III
### UNJUST ENRICHMENT

51. All preceding allegations are incorporated and re-alleged herein.

52. Defendants have unlawfully, willfully, fraudulently, illegally and without the consent and/or authorization of Plaintiffs, who are co-authors of the musical compositions and sound recordings, been manufacturing, distributing, selling, advertising, marketing and exploiting, the albums featuring the aforementioned works.

53. Defendants have unlawfully, willfully, fraudulently and illegally have not provided Plaintiff all revenues statements, reports.

54. Defendants have not paid Plaintiff mechanical, performance, and other royalty payments for the use, administration, and/or exploitation of the aforementioned works.

55. In addition, defendants have not paid plaintiff his share of merchandising, and touring income owed to him since the inception of Mushroomhead.

56. By reason of all of Defendants acts as alleged above, defendants have unjustly enriched themselves and Plaintiff is entitled to just compensation therefore.

WHEREFORE, as a result of the Defendants' actions, the Defendants are liable to Plaintiffs for the total amount of income, monies, royalties and other remuneration Plaintiffs are reasonably entitled to receive, as a result of Plaintiffs creating, composing, arranging,

authoring, producing and/or performing the Original Compositions embodied in the Musical Works, in an amount to be established at trial, but are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS)

## Count IV
### Direct Copyright Infringement

57. Plaintiffs repeat the allegations contained in paragraphs 1 through 56 and, by this reference, incorporate them herein.

58. Defendants directly infringed Plaintiff's copyrights and exclusive rights, in and relating to the Original Compositions, under copyright law by manufacturing, distributing, using, commercializing, selling, broadcasting, publicly performing and otherwise exploiting the Infringing Musical Works without attributing plaintiff's share of authorship and/or paying plaintiff his proper share of royalties.

59. The foregoing acts of infringement by the above-named Defendants have been willful, intentional, purposeful and/or with a complete disregard to Plaintiffs' copyrights and exclusive rights in and to the Original Compositions.

60. As a direct and proximate result of the acts of infringement committed by Defendants, plaintiff has suffered, and will continue to suffer substantial economic and non-economic injuries and damages.

61. Plaintiff is further entitled to attorney's fees and full costs pursuant to the Copyright Act, 17 U.S.C. §505.

WHEREFORE, as a result of the Defendants' actions, the Defendants are liable to plaintiff for the total amount of income, monies, royalties and other remuneration plaintiff is reasonably entitled to receive, as a result of Plaintiff's creating, composing, arranging, authoring, producing and/or performing the Original Compositions embodied in the Musical Works, in an amount to be established at trial, but are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS)

## Count V
### Contributory Copyright Infringement

62. Plaintiff repeats the allegations contained in paragraphs 1 through 61, and, by this reference, incorporate them herein.

63. Defendants Steven Felton and Filthy Hands have, willfully, knowingly and intentionally induced, caused, encouraged and/or assisted various third parties, including, but not limited to, various radio and televisions stations, to broadcast, publicly perform and/or otherwise exploit the Infringing Musical Works, containing the Original Compositions, throughout the United States and Overseas even though Defendants knew or should have known, that they did not have Plaintiffs' written authorization or written consent to reproduce, broadcast, publicly perform or otherwise exploit the Original Compositions.

64. The conduct of the Defendants constitutes contributory infringement of Plaintiffs' copyrights and exclusive rights in and relating to the Original Compositions in violation of the Copyright Act, 17 U.S.C. §§106, 115 and 501.

65. As a direct and proximate result of the acts of contributory infringement committed by Defendants, Plaintiff has suffered, and will continue to suffer substantial economic and non-economic injuries and damages.

66. Plaintiff is further entitled to attorney's fees and full costs pursuant to the Copyright Act, 17 U.S.C. §505.

WHEREFORE, Plaintiff is therefore entitled to recover actual damages suffered as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiff's copyrights and exclusive rights in and to the Original Compositions in an amount to be established at trial, but are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS).

## Count VI

### Vicarious Copyright Infringement

67. Plaintiff repeats the allegations contained in paragraphs 1 through 66, and, by this reference, incorporate them herein.

68. Defendants, their employees, agents and representatives, commercially released and/or distributed the Infringing Musical Works, containing the Original Compositions, in the United States and overseas.

69.    Defendants and their employees, agents and representatives: (i) falsely identified and designated a person or persons other than the Plaintiffs as the author, creator, performer, producer and or arranger of the Infringing Musical Works; (ii) manufactured, distributed, used, commercialized, sold and otherwise exploited the Infringing Musical Works; (iii) unlawfully profited from said exploitation of the Infringing Musical Works; and (iv) deprived Plaintiffs of substantial income directly or indirectly related to the exploitation of the Infringing Musical Works.

70.    Defendants and their employees, agents and representatives have the right and ability to manage, supervise and control the Infringing Musical Works and have a direct financial interest in the Infringing Musical Works.

71.    Defendants derived substantial financial benefit from this infringing conduct, and as a result, vicariously infringed Plaintiffs' copyright and exclusive rights in and to the Original Compositions, in violation of the Copyright Act, 17 U.S.C. §§106, 115 and 501.

72.    As a direct and proximate result of the acts of vicarious infringement committed by defendants, Plaintiffs have suffered, and will continue to suffer substantial economic and non-economic injuries and damages.

73.    Plaintiffs are further entitled to attorney's fees and full costs pursuant to the Copyright Act, 17 U.S.C. §505.

WHEREFORE, Plaintiffs are therefore entitled to recover actual damages suffered as a result of the infringement and any profits of the Defendants attributable to the infringement of Plaintiffs' copyrights and exclusive rights in and to the Original Compositions in an amount to be established at trial, but are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS)

## COUNT VII
### Breach of Contract

74. Plaintiffs repeat the allegations contained in paragraphs 1 through 73, and, by this reference, incorporate them herein.

75. On or about August 17, 2000, Filthy Hands Company was formed in OHIO by Felton, purportedly to administer the business end of MUSHROOMHEAD.

76. It was plaintiffs understanding that this company was created to administer royalties for the Mushroomhead members and to collect income from touring and other sources. (see Registration attached hereto as Exhibit "B" and incorporated herein by reference).

77. Plaintiff is a stockholder/beneficiary of said Company.

78. The plaintiff has not been paid his proper share of royalties, mechanical or otherwise, along with touring and merchandising income.

As a result of the Defendants' actions, the Defendants are liable to Plaintiff for the total amount of income, monies, royalties and other remuneration Plaintiff is reasonably entitled to receive, as a result of Plaintiffs creating, composing, arranging, authoring, producing and/or performing the Original Compositions embodied in the Musical Works, along with touring and merchandising, and other income, in an amount to be established at trial, but are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS)

## REQUESTS FOR RELIEF

WHEREFORE, the Plaintiff, requests that this Court:

1. Enter judgment for Plaintiff on all counts of this Complaint;

2. Declare the Plaintiff an author, creator, composer, producer, arranger, performer and co-owner of copyright in the Original Compositions.

3. Award Plaintiff all income, monies, royalties and other remuneration Plaintiff is reasonably entitled to receive, as a result of creating, composing, arranging, authoring, producing and/or performing the Original Compositions embodied in the above-referenced Musical Works, in an amount to be established at trial, but which are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS);

4. Award Plaintiff his actual and compensatory damages and any and all gains, profits and advantages Defendants obtained as a result of falsely designating Defendants, as the sole creators, producers, authors, arrangers and/or composers of the above-referenced Musical

Works, containing the Original Compositions in an amount to be established at trial, but which are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS);

5. Order the Defendants to render an accounting to ascertain the total amount of proceeds, royalties, profits, fees, licenses and other compensation Defendants received as a result of Defendants' distribution, sale, use, commercialization, licensing, broadcasting, public performance, collection/administration, and other exploitation of the Musical Works, containing the Original Compositions and award Plaintiff any such proceeds, royalties, profits, fees, licenses and other compensation.

6. Award Plaintiff his actual and compensatory damages as a direct result and proximate cause of Defendants' unjust enrichment at Plaintiffs' expense, in an amount to be established at trial, but which are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS);

7. Award Plaintiff any and all gross revenue, income and/or profits derived by Defendants that are attributable to their direct, contributory and/or vicarious infringement of Plaintiff's copyrights and exclusive rights in and to the Original Compositions, in an amount to be established at trial, but which are in no event less than $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS);

8. Award Plaintiffs reasonable attorneys' fees, costs and expenses relating to this action;

9. Award Plaintiffs statutory damages, upon election by Plaintiffs prior to final judgment and in lieu of actual damages and profits from copyright infringement pursuant to the Copyright Act, U.S.C. 17 §504 (c);

10. Punitive damages and,

11. Award plaintiff statutory compensatory damages under 15 U.S.C.§§ 1120, 1125 and OHIO (R.C. 1329.66)

12. Award Plaintiff compensatory damages for all other counts to which he is entitled to such relief.

13. Award plaintiff statutory treble damages under 15 U.S.C. §1117 and OHIO (R.C. 1329.66)

14. Award plaintiff common law punitive damages, and attorney's fees for all counts to which it is entitled to such relief.

15. Award plaintiff his costs and expenses incurred in this action, including reasonable attorney's fees, pursuant to 15 U.S.C. § 1117 and OHIO Unfair Competition law.

16. Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated:  August 9, 2024

Respectfully submitted,

/Ronald Stanley, Esq./

Ronald Stanley, Esq.
3637 Medina Rd. Unit 5
Medina OH 44256
Bar # 040766
330-952-1415
Fax- 330-952-1416
legal50@aol.com
*Counsel for Jeffrey Hatrix*
*Plaintiff*